# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WESLEY DALTON,**

                    **Plaintiff,**

**v.**                                              **Case No:   6:19-cv-300-Orl-37LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

                    **Defendant.**

---

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Wesley Dalton (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits.  (Doc. 1).  The Claimant raises two arguments challenging the Commissioner's final decision and, based on those arguments, requests that the matter be reversed and remanded for further proceedings.  (Doc. 16 at 8-9, 11-14, 16).  The Commissioner argues that the Administrative Law Judge (ALJ) committed no legal error and that his decision is supported by substantial evidence and should be affirmed.  (*Id*. at 9-11, 14-16).  Upon review of the record, the undersigned respectfully **RECOMMENDS** that the Commissioner's final decision be **REVERSED** and **REMANDED** for further proceedings.

## I.      Procedural History

This case stems from the Claimant's application for disability insurance benefits.  (R. 165-68).  The Claimant alleged a disability onset date of September 17, 2007, which was subsequently amended to April 24, 2015.  (R. 37, 165).  The Claimant's application was denied on initial review and on reconsideration.  The matter then proceeded before an ALJ.  On May 17, 2018, the ALJ

entered a decision denying the Claimant's application for disability benefits.  (R. 10-21).  The

Claimant requested review of the ALJ's decision, but the Appeals Council denied his request for

review.  (R. 1-3).  This appeal followed.

## II.   The ALJ's Decision

The ALJ found that the Claimant suffered from a severe impairment of musculoskeletal

problems.  (R. 12).  The ALJ, however, determined that the Claimant did not have an impairment

or combination of impairments that met or medically equaled any listed impairment.  (R. 12-13).

Next, the ALJ found that the Claimant has the residual functional capacity (RFC) to perform

a full range of medium work as defined in 20 C.F.R. § 404.1567(c)[1] with the following specific

limitations:

> In the course of an eight hour workday, with reasonable and customary breaks, the
> claimant can sit, stand and/or walk for at least 6 hours each; lift 50 pounds
> occasionally and 25 pounds or less more frequently.  The claimant could
> occasionally use his arms and/or legs to perform the push/pull operation of arm, hand
> or foot/pedal controls.  The claimant could occasionally climb ramps, stairs, but
> never climb ropes, ladders or scaffolds.  The claimant could perform all other
> postural activities frequently.  The claimant has no limitations with regard to the use
> of his upper extremities for reaching in all directions, handling, fingering and feeling.
> The claimant has no limitation with regard to his ability to see, speak and hear.  The
> claimant can have no exposure to unprotected heights.  The claimant has no mental
> limitations that would otherwise erode the occupational base for a reduced range of
> medium work.

(R. 13).  In light of this RFC, the ALJ found that the Claimant was able to perform his past relevant

work as an exterminator.  (R. 19).  Alternatively, the ALJ found that the Claimant could perform

other work in the national economy, including small parts assembler, labeler, and ticket seller.  (R.

19-20).  Based on these findings, the ALJ concluded that the Claimant was not disabled between

---

[1] Medium work is defined as "lifting no more than 50 pounds at a time with frequent lifting
or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine
that he or she can also do sedentary and light work."  20 C.F.R. § 404.1567(c).

his alleged onset date, April 24, 2015, through the date of the decision, May 17, 2018.   (R. 20-21).

**III.     Standard of Review**

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.     Analysis**

The Claimant argues that the ALJ erred by failing to weigh three medical opinions.   The first is dated February 14, 2018, when the Claimant's primary care physician, Dr. James Brown, wrote the Claimant a prescription for a "cane" due to low back and right sciatic pain.   (R. 391). That same day, an advanced registered nurse practitioner with the Claimant's treating neurologist wrote a note (the second opinion), stating that the Claimant "is to acquire a cane."   (R. 392).   The third opinion is dated February 20, 2018, when Dr. Brown completed a temporary disabled person parking permit application, in which he opined (by marking a box) that the Claimant has a "severe

limitation in [his] ability to walk due to an arthritic, neurological, or orthopedic condition." (Doc. 177). The application, however, provides no further detail concerning the Claimant's walking limitation. (*See id.*).

The undersigned will address the parking permit application first, and the other two medical opinions second.

### A.    The Applicable Law

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining and non-examining medical sources, as well as the opinions of other sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c).

A treating physician's opinion must be given controlling weight, unless good cause is shown to the contrary. 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence); *see also Winschel*, 631 F.3d at 1179. There is good cause to assign a treating physician's opinion less than controlling weight where: 1) the treating physician's opinion is not bolstered by the evidence; 2) the evidence supports

a contrary finding; or 3) the treating physician's opinion is conclusory or inconsistent with the physician's own medical records. *Winschel*, 631 F.3d at 1179.

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Id.* The failure to state the weight with particularity or articulate the reasons in support of the assigned weight prohibits the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

**B.      The Parking Permit Application**

The Claimant first contends that the ALJ failed to mention and weigh the opinion contained in the parking permit application. (Doc. 16 at 9). The Claimant argues that Dr. Brown's opinion concerning his limited ability to walk conflicts with the ALJ's determination that he can perform medium work, which requires the ability to stand and/or walk for at least six hours in an eight-hour workday. (*Id.*).

The Commissioner concedes that the ALJ did not mention or weigh the opinion contained in the parking permit application. (*Id.* at 10). However, the Commissioner contends that this omission was at worst harmless error because Dr. Brown's "vague assessment of 'severe' walking limitations is essentially cumulative of his prior, more specific [April 26, 2017] opinion detailing his assessment of Plaintiff's precise walking limitations," which the ALJ considered and to which he assigned little weight. (*Id.*). The Commissioner notes that Dr. Brown opined that the limitations detailed in his April 2017 opinion would last for at least twelve months and there are no other treatment records showing that the Claimant's condition deteriorated between April 2017 and February 2018. (*Id.* at 10-11). Accordingly, the Commissioner argues that remanding this case for the ALJ to "specifically discount the vague" parking permit application is not warranted. (*Id.* at 11).

The undersigned agrees that the ALJ's failure to mention and weigh the parking permit application is at most harmless error.   In April 2017, Dr. Brown opined that due to the Claimant's low back pain he could stand/walk for less than two hours in an eight-hour workday and that this limitation (and others) lasted or can be expected to last at least twelve months.  (R. 339-40).   The ALJ assigned this opinion little weight (R. 17-18), a determination that the Claimant does not challenge on appeal (*See* Doc. 16).   Ten months after Dr. Brown's April 2017 opinion, he completed a parking permit application, in which he opined, seemingly consistent with his April 2017 opinion, that the Claimant has a "severe limitation in [his] ability to walk due to an arthritic, neurological, or orthopedic condition."  (R. 177).   Unlike Dr. Brown's April 2017 opinion, he did not quantify the Claimant's walking limitation (how far he could walk at one time or how long he could walk during a given period) in the parking permit application.  (*See id*.).   Further, the Claimant does not point to any evidence in the record demonstrating that his condition worsened between Dr. Brown's April 2017 opinion and his opinion in the parking permit application.  (*See* Doc. 16 at 8-9).

On this record, Dr. Brown's opinion in the parking permit application is simply cumulative of his more specific April 2017 opinion, which the ALJ weighed and rejected.  Indeed, Dr. Brown opined that the limitations set forth in his April 2017 opinion have or *can be expected* to last more than twelve months, which would encompass the parking permit application.   Moreover, the Claimant has pointed to nothing in the record demonstrating that his impairments and, in turn, his walking limitation became more severe following Dr. Brown's April 2017 opinion.   Given the consistency in Dr. Brown's opinions, the fact that the ALJ weighed and rejected the earlier and more specific of his two opinions (and it bears repeating that the Claimant does not challenge this more specific opinion), and the lack of any evidence that the Claimant's condition deteriorated since Dr.

Brown's April 2017 opinion, the undersigned finds any error the ALJ committed by not mentioning or weighing the opinion contained in the parking permit application to be harmless. Remanding the matter so the ALJ can weigh the opinion contained in the parking permit application will not change the ALJ's ultimate determination as there is nothing new for the ALJ to consider. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error. When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." (citation omitted)).

### C.   The Use of a Cane

The Claimant next contends that the ALJ erred by not explaining why he rejected Dr. Brown's and the nurse practitioner's opinions concerning the Claimant's need for a cane. (Doc. 16 at 11-12).[2] The Commissioner responds that the ALJ's rejection of the cane opinions is supported by substantial evidence. (*Id*. at 14-15). Specifically, the Commissioner cites to various treatment records that he argues supports the ALJ's determination that the Claimant does not require a cane. (*Id*. (citing R. 17, 341, 343, 364, 366, 368, 371, 373, 377, 381, 385)). The undersigned agrees with the Claimant.

Dr. Brown is a treating physician and, as such, the ALJ could only assign less than controlling weight to Dr. Brown's opinions for good cause, which must be articulated in the ALJ's decision. *Winschel*, 631 F.3d at 1179. By virtue of his prescription for a cane (R. 391), Dr. Brown implicitly opined that the Claimant needs to use such an assistive device. And according to the

---

[2] The Claimant also argues that the ALJ's failure to include the need for a cane in the RFC determination affected his step five determination. (Doc. 16 at 13-14). There is no need to address the ALJ's step five determination because, as discussed below, the error at step four, in and of itself, requires reversal.

Claimant's testimony, he needs the cane because his left leg "gives out" causing him to fall (R. 52-53).   The ALJ rejected Dr. Brown's opinion simply because he found "no legitimate basis" for the Claimant to use any hand-held assistive device.   (R. 16).   Since the ALJ provided no further explanation in support of this finding, it is unclear what evidence the ALJ relied on to reject Dr. Brown's opinion.   Accordingly, the undersigned finds that the ALJ erred by not articulating a good cause reason to reject Dr. Brown's opinion.[3]

The Commissioner attempts to fill the void in the ALJ's reasoning by pointing to evidence that allegedly supports the ALJ's rejection of Dr. Brown's opinion.   (Doc. 16 at 14-15).   However, the ALJ did not offer this explanation in his decision, and the undersigned cannot recommend that the Court find the ALJ's error harmless based on the Commissioner's *post hoc* rationalization.   *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).   To do so would necessarily require the Court to reweigh the evidence, which is prohibited.   *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (citation omitted).   Accordingly, considering the

---

[3] Having found that the ALJ erred in rejecting Dr. Brown's opinion concerning the need for a cane, there is no need to further discuss the nurse practitioner's note that the Claimant "is to acquire a cane" (R. 392).   Moreover, even assuming that this note is the equivalent of a medical opinion (and the undersigned questions whether it is), at the time the Claimant applied for benefits, a nurse practitioner was not an acceptable medical source and therefore that opinion was not entitled to any special deference.   *See* 20 C.F.R. § 404.1513(d)(1) (2016); *Bruton v. Comm'r of Soc. Sec.*, No. 6:16-cv-1209-Orl-37DCI, 2017 WL 9362923, at *7 (M.D. Fla. Aug. 25, 2017) *report and recommendation adopted by*, 2017 WL 4174314 (M.D. Fla. Sept. 21, 2017).

ALJ's lack of explanation, the undersigned is unable to meaningfully determine whether the ALJ's rejection of Dr. Brown's opinion is supported by substantial evidence.[4]

Finally, while the Commissioner does not argue harmless error, the undersigned has considered whether the error discussed above is harmless. It is not. Here, the ALJ found the Claimant has an RFC to perform medium work, which includes among other things the ability to sit, stand and/or walk for at least 6 hours each in an eight-hour workday and lift 50 pounds occasionally and 25 pounds or less frequently. (R. 13); 20 C.F.R. § 404.1567(c). The use of a cane would more than likely have some impact on the Claimant's ability to perform medium work. As such, if the ALJ on reconsideration credits Dr. Brown's opinion, it would impact his RFC determination and may alter the outcome of the Claimant's application for disability benefits.

---

[4] The Commissioner also appears to argue that the ALJ did not err in rejecting Dr. Brown's opinion because it lacked a description about the circumstances in which the Claimant would be required to use the cane. (Doc. 16 at 14). The Commissioner provides no support for this argument, but it is possible that the Commissioner is alluding to Social Security Ruling (SSR) 96-9p, which includes a standard for determining when a hand-held assistive device is medically necessary. However, SSR96-9p sets forth this standard only within the context of an RFC to perform sedentary work. SSR 96-9p, 1996 WL 374185, at *1, 7 (July 2, 1996). The undersigned has not found any Eleventh Circuit decisions addressing whether SSR 96-9p applies to cases where the claimant is found to have an RFC to perform more than sedentary work. At least one court in this District has addressed the issue and concluded that SSR 96-9p only applies where a claimant's RFC is for a restricted range of sedentary work. *Coleman v. Colvin*, No. 8:14-cv-741-T-MAP, 2016 WL 7334640, at *4 (M.D. Fla. Jan. 11, 2016); *but see Williams v. Acting Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-764-J-MCR, 2019 WL 2511592, at *3-4 (M.D. Fla. June 18, 2019) (considering SSR 96-9p where the claimant was found to have an RFC to perform light work). Here, the ALJ found the Claimant has the RFC to perform medium work, therefore it does not appear that the standard in SSR 96-9p concerning the use of hand-held assistive devices applies in this case. Even if it did, the ALJ did not point to it in support of his decision to reject Dr. Brown's opinion.

## V.      Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Commissioner's final decision be **REVERSED** and **REMANDED** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2. The Clerk be **DIRECTED** to enter judgment in favor of the Claimant and against the Commissioner.

3. The case be closed.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 16, 2019.

**LESLIE R. HOFFMAN**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy