# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

WESLEY DALTON,

        Plaintiff,

v.                                    Case No:   6:19-cv-300-RBD-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

_____

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following

motion filed herein:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. §406(b) (Doc. No. 25)** |
| **FILED:** | **March 28, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    PROCEDURAL HISTORY.

Prior to filing the above-styled case, on January 29, 2019, Wesley Dalton ("Claimant") entered into a contingency fee agreement with Richard A. Culbertson Esq., for the purpose of appealing Defendant, the Commissioner of Social Security's, denial of his claim for benefits under the Social Security Act.   Doc. No. 25-1.   In the event the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Culbertson a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded.   *Id.*

On February 14, 2019, Claimant filed a complaint alleging that the Commissioner had improperly denied his claims for social security disability benefits.   Doc. No. 1.   On January 6, 2020, the Court reversed and remanded the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g).   Doc. No. 18.   *See also* Doc. No. 17.   Judgment was entered accordingly the following day. Doc. No. 19.

Thereafter, Attorney Culbertson filed a motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.   Doc. No. 20.   In the motion, Attorney Culbertson stated that he and his law firm spent 15.9 hours on this case.   *Id.* at 2.   On March 4, 2020, the Court granted the motion in relevant

part, and awarded a total of $3,263.15 in attorney's fees under the EAJA.   Doc. No. 24.

On remand, the Commissioner determined that Claimant was entitled to disability benefits.   Doc. No. 25-2.   The Commissioner awarded Claimant past-due benefits in the total amount of $47,914.00.   *Id.* at 2.[1]

In his motion, Attorney Culbertson requests that the Court permit him to charge Claimant $8,715.35 in attorney's fees pursuant to 42 U.S.C. § 406(b), which includes an offset for the EAJA fees previously awarded by the Court.[2]   Doc. No. 25, at 1, 2.   The Commissioner does not oppose the motion.   *Id.* at 3.

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is ripe for review.

## II.    APPLICABLE LAW.

Attorney Culbertson seeks attorney's fees pursuant to § 406(b), which provides, in relevant part, as follows:

---

[1] The award letter does not state the total amount of past-due benefits, but states that the SSA should have withheld twenty-five percent of the past due benefits in order to pay any approved attorney's fee, in the amount of $11,978.50.   Doc. No. 25-2, at 2. Twenty-five percent of $47,914.00 equates to $11,978.50.

[2] When attorney's fees are awarded under both § 406(b) and the EAJA, a social security claimant's attorney must either refund to the claimant the EAJA fees previously received or allow the EAJA fees to be deducted from the amount of withheld past-due benefits.   *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).   Attorney Culbertson has elected the latter approach.

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[3]   The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Consequently, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. at 1277.   Thus, if the court remands a case to the Commissioner, the

---

[3] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the twenty-five percent limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).   In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the twenty-five percent limit on the amount of fees that could be awarded from past-due benefits.   *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).   Accordingly, here, the Court need not consider any § 406(a) fees awarded to the claimant's attorney at the administrative level.

claimant's attorney is entitled to recover his attorney's fees for the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.  *Id.*

The reasonableness of attorney's fees under § 406(b) depends upon whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.   In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, a court cannot rely solely upon the existence of a contingency fee agreement.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08 (2002).    Rather, a court must review the contingency fee agreement as an independent check to assure that it yields a reasonable result in each particular case. *Id.*

In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.  *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga.

2005).   The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered.   *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

## III.   ANALYSIS.

Attorney Culbertson represented Claimant before this Court.   Doc. No. 1. The case was remanded to the Commissioner, who found that Claimant was disabled and, as a result, awarded him a total of $47,914.00 in past-due benefits. Doc. No. 25-2.   Thus, Attorney Culbertson is entitled to an award of attorney's fees under § 406(b).   *See Bergen*, 454 F.3d at 1271.

Attorney Culbertson is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $11,978.50.   *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 25-2, at 2.   Attorney Culbertson has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $3,263.15, by reducing his request for attorney's fees under § 406(b) by the amount awarded under the EAJA.   Doc. No. 25, at 2; *see Jackson*, 601 F.3d at 1271.   Considering this reduction, Attorney Culbertson is entitled to collect a total of $8,715.35 in attorney's fees under § 406(b).

Upon consideration, the undersigned finds that the amount Attorney Culbertson requests in § 406(b) fees reasonable.   First, Claimant entered into a contingency fee agreement, in which he agreed to pay Attorney Culbertson a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded.

Doc. No. 25-1.   The presence of the contingency-fee agreement favors a finding that the requested amount is reasonable.   *See Wells*, 907 F.2d at 371.

Second, in support of the motion, Attorney Culbertson represents that he spent at least 15.9 hours representing Claimant in this Court.   Doc. No. 25, at 2.   *See also* Doc. No. 20.   As a result of the work of counsel, Claimant was successful on remand of his claims for further consideration.

Third, there is no evidence that Attorney Culbertson caused any delays in this case.   And finally, Attorney Culbertson undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.

Under these circumstances, and absent any objections, I will recommend that the Court award Attorney Culbertson a total of $8,715.35 in attorney's fees under § 406(b) in this case.

## IV.   RECOMMENDATION.

Based on the foregoing, **I RESPECTFULLY RECOMMEND** that the Court **GRANT** the Unopposed Request for Authorization to Charge a Reasonable Fee (Doc. No. 25), and **ORDER** that Attorney Culbertson is authorized to charge Claimant a fee under § 406(b) in the amount of $8,715.35.

## **NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 3, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy